Philip Riback   ⎫
        vs.   ⎬ Eq. No. 12055.
J. B. Farnum Company ⎭

DECISION.

March 19, 1935.

CARPENTER, J.   On the 25th of September, 1928, as evidenced by a letter bearing that date and marked Complainant's Exhibit 3 in the above entitled case, the petitioner and respondent entered into a contract whereby the petitioner was to become manager of a tire and battery store which was to be installed in the Brown-Carroll Building, so-called, at Monument Square, in the city of Woonsocket. Said parties contracted, as evidenced by said letter, as follows:

"We understand that you will take a drawing salary of $50.00 per week, and that you shall have one-third of the profits shown after the deductions of the legitimate running expenses of the store, such as the deductions of your salary and the cost of light, insurance, rent at the rate of $200.00

per month, advertising, clerical help if required, depreciation on equipment, such as fixtures, and other equipment which may at this time or later be necessary to install in the business—or briefly, that the profits shall be determined by the usually and generally accepted methods of proper accounting."

Said Riback became the manager of the store and entered into relations with the respondent according to said agreement. After Riback was running the store for some time, the relationship between the petitioner and the respondent was severed and thereupon a dispute arose as to the profits. The petitioner brought a bill of complaint and asked that the respondent account to him according to said contract. The matter was heard before Mr. Justice Baker and a decree was entered requiring said respondent to file in this Court an account, as set forth in said decree.

In and by the second paragraph of said decree entered by Mr. Justice Baker on the 19th day of April, 1934, the respondent was required to file in said cause in duplicate an account containing the items as set forth in said decree. The respondent submitted to this Court an account in conformity with said second paragraph of said decree, specifying requested items in data which were segregated with respect to six months' periods covering the entire term of employment of the complainant by the respondent, and in accordance with said decree the complainant filed written specifications setting forth items appearing on said account to which he made objection.

This matter came before this Court on said account and objections thereto. After a careful examination of the papers, the evidence and the contract, this Court is of the opinion that it must be guided by the last part of said contract which sets forth that profits shall be determined by the usually and generally accepted method of proper accounting, and that the Court is bound to follow this method of ascertaining the profits.

Mr. Carl Christiansen, a certified public accountant, submitted said account for the respondent and testified unequivocably that he had prepared said account according to said contract and that it was prepared by the usually and generally accepted method of proper accounting. Mr. Christiansen is well known in this State as a certified public accountant and the Court feels he is fully qualified to prepare said account.

The petitioner produced Mr. Samuel M. Berkowitz, an accountant, who found some fault with said account. This Court does not question the sincerity or ability of Mr. Berkowitz, but from an examination of the testimony, and after carefully considering, the manner in which the account was prepared, this Court feels that it must take the account of Mr. Christiansen as the correct account and give more weight to the testimony of Mr. Christiansen than that of Mr. Berkowitz.

Therefore, the Court finds that the account as finally submitted in this cause by the respondent is in compliance with said decree and is in compliance with the contract entered into between the parties. Said account is hereby allowed and confirmed, and the parties may within ten days submit a decree in accordance herewith.

For complainant: Hinckley, Allen, Tillinghast & Wheeler.

For respondent: John R. Higgins, Silverstein.